IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

United States District Court
Southern District of Texas
FILED

AUG 18 2004

Michael N. Milby, Clerk

| | | |
|---|---|---|
| LUIS G. FIGUEROA, | § § § | |
| Plaintiff, | § § | G-04-500 |
| VS. | § § | CIVIL ACTION NO. _____ |
| STEVEN M. HIGGINBOTHAM | § § § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE SAID COURT:

COMES NOW, LUIS G. FIGUEROA, hereinafter referred to as Plaintiff, complaining of STEVEN M. HIGGINBOTHAM, hereinafter referred to as Defendant, and for cause of action would respectfully show this Honorable Court as follows:

### PARTIES' RESIDENCE AND JURISDICTION

1.  Plaintiff is a resident of Houston, Texas. His current resident address is 725 FM 1959, #1109, Houston, Texas 77034.

2.  Defendant STEVEN M. HIGGINBOTHAM, at the time of the accident made the basis of this suit was believed to be a resident of Kansas City, Missouri, with a mailing address of 4081 N.W. 82nd St., Kansas City, Missouri 64151. He is now believed to be a resident of Indiana.

3.  The amount in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00. The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(e).

## THE PARTIES

4. Plaintiff LUIS G. FIGUEROA is an adult citizen of the United States and is a resident of the State of Texas.

5. Defendant STEVEN M. HIGGINBOTHAM, is an individual that is believed to have been residing in Kansas City, Missouri at the time of the accident, but is now a resident of the State of Indiana. He may be served by and through his agent, Scott Lockhart, 7330 Shadeland Station Way, Suite 190, Indianapolis, Indiana 46256 (1-800-374-1111, ext. 42342).

## BACKGROUND

6. The lawsuit arises out of injuries and damages sustained by your Plaintiff when he was acting in an on-duty status for the Harris County Sheriff's Department as a deputy sheriff. The collision made the basis of this suit occurred while he was driving a Harris County Deputy Sheriff's Department cruiser on what is commonly referred to as Beltway 8. Your Plaintiff would respectfully show that on the occasion in question nothing he did or failed to do caused or contributed to cause the accident in question, but rather the automobile accident in question was proximately caused by the negligence of the named Defendant driver, Steven M. Higginbotham. Each and every act of negligence on the part of the named Defendant, both of omission and commission were, each and every, all and singular, proximate causes of the damages and injuries sustained by your Plaintiff. Pleading further, your Plaintiff would respectfully show that on the occasion in question the Defendant, in the manner in which he operated his motor vehicle, violated numerous provisions of the Texas Transportation Code and, accordingly, the Defendant is guilty of not only common law negligence but also statutory violations and, thus, should be held strictly liable to your Plaintiff for his injuries and damages. Further, the Defendant and his friend, Paul D. Campbell, had been drinking for most of the day on January 24, 2003. Although the vehicle in question was owned by Paul D. Campbell, it is believed Mr. Campbell may have felt he had consumed too much alcohol,

and even though he knew his friend, STEVEN M. HIGGINBOTHAM, had also consumed copious amounts of alcoholic beverages, chose to entrust his vehicle to an individual that he knew had been drinking heavily. As shown by the alcohol/drug test performed on the Defendant driver STEVEN M. HIGGINBOTHAM some time after the accident, he registered .04 and .42. Clearly, at that level of intoxication the Defendant driver was physically and mentally impaired as to his driving abilities. Accordingly, in addition to his actual damages, your Plaintiff also seeks punitive damages as a consequence of the grossly negligent conduct of the Defendant driver on the occasion in question.

7. Because of the extent, duration and nature of your Plaintiff's injuries, he has been forced to incur reasonable and necessary medical expenses in the past for care and treatment of his injuries and in reasonable medical probability will continue to sustain medical expenses into the future, if not for the remainder of his life. He has suffered physical pain and mental anguish in the past and continue to sustain physical pain and mental anguish at this time and may continue to experience physical pain and mental anguish for an indefinite period of time into the future. He has suffered physical impairment, a loss of wages and a loss of wage earning capacity, and all of his injuries and damages from the accident in question are chronic and permanent in nature.

8. Pleading specifically, your Plaintiff would specifically allege that the Defendant was negligent and his negligence proximately caused Plaintiff's injuries and damages by:

a) failing to keep a proper lookout as would have a reasonable prudent person acting under the same or similar circumstances;

b) operating his motor vehicle at a greater rate of speed than was reasonable and prudent under the circumstances then and there existing;

c) moving his car when same could not be done with safety;

d) failing to yield the right of way to your Plaintiff's vehicle;

e) failing to turn his vehicle so as to avoid the collision in question;

f) in utilizing a mobile phone or cellular device to the point that he was so distracted he did not know what had happened or why he had even been involved in the collision; AND

g) in driving while in an impaired state due to the ingestion of alcoholic beverages.

Each and every of the above, collectively and singularly, were proximate causes of the incident in question and the resulting injuries and damages to your Plaintiff.

## GENERAL AND PUNITIVE DAMAGES

9. Your Plaintiff would submit that the evidence in this case will show that the Plaintiff and his friend had been drinking at the Gulf Greyhound Park dog track for most of the day. They had consumed numerous alcoholic beverages, and it is thought that the friend/passenger may have actually felt he was too intoxicated to drive and that, although he knew the Defendant had also been drinking, he was less intoxicated than he. Accordingly, the vehicle in question was entrusted to STEVEN M. HIGGINBOTHAM. After the accident, STEVEN M. HIGGINBOTHAM confided to the investigating officers that he had been drinking, that he was attempting to pass another vehicle, was talking on his cell phone, and was not "paying attention." The combined conduct of the Defendant driver, STEVEN M. HIGGINBOTHAM, in driving after he had been drinking, in not paying attention, in operating a cell phone to the point of not "paying attention," and in being involved with a marked Harris County Sheriff's Department cruiser rises to the level of what the law knows and recognizes as grossly negligent conduct and, accordingly, your Plaintiff seeks recovery of and from the named Defendant not only for his actual damages, but also for punitive damages as allowed by law.

10. At the time of the incident made the basis of this suit your Plaintiff, LUIS G. FIGUEROA was 31 years of age and had a life expectancy of 44.6 years. As a direct and proximate result of the herein above described negligence of the Defendant on the occasion in question,

Plaintiff sustained injuries to his body as a whole. Accordingly, your Plaintiff suffered physical pain and mental anguish in the past and in reasonable medical probability will continue to sustain physical pain and mental anguish into the future. He has suffered physical impairment and physical disfigurement because of his injuries, all of which are in reasonable probability permanent and chronic in nature. He has been forced to incur reasonable and necessary medical expenses in the past and in reasonable medical probability will continue to sustain elements of medical expense into the future for an indefinite period of time, if not for the remainder of his life. He has suffered a loss of wages, loss of wage earning capacity and his work life expectancy has been reduced as a consequence of his injuries.

11. From the date of the incident in question until the time of trial of this case, the elements of damage to considered separately and individually for the purpose of determining the sum of money that will fairly and reasonably compensate Plaintiff, LUIS G. FIGUEROA, for each element of his damages are as follows:

   a. the physical pain that your Plaintiff LUIS G. FIGUEROA has suffered from the date of the accident in question up to the time of trial;

   b. the mental anguish that your Plaintiff LUIS G. FIGUEROA has suffered from the date of the accident in question up to the time of trial;

   c. the medical expenses for care and treatment of Plaintiff's injuries from the date of the accident to the date of trial;

   d. the physical impairment suffered by your Plaintiff LUIS G. FIGUEROA and the resulting inability to do those tasks and services that your Plaintiff ordinarily would have been able to perform;

   e. the loss of wages from the date of the accident to the date of trial and earning capacity in the future.

12. From the time of trial of this case, the elements of damages to be considered which Plaintiff, LUIS G. FIGUEROA, will sustain in the future beyond the trial are such of the following elements that are shown by a preponderance of the evidence upon trial of this case:

   a. the physical pain that your Plaintiff LUIS G. FIGUEROA will suffer in the future beyond the time of trial;

   b. the mental anguish that your Plaintiff LUIS G. FIGUEROA will suffer in the future beyond the time of trial;

   c. the medical expenses which your Plaintiff may sustain in the future for care and treatment of the injuries he sustained in the accident made the basis of this suit;

   d. the physical impairment suffered by your Plaintiff LUIS G. FIGUEROA and the resulting inability to do those tasks and services that your Plaintiff ordinarily would be able to perform in the future and beyond the time of trial;

   e. the loss or reduction in Plaintiff LUIS G. FIGUEROA'S earnings or earning capacity in the future caused by the injuries sustained in the accident in question.

Because of all of the above and foregoing, Plaintiff LUIS G. FIGUEROA has been damaged and will be damaged in an amount within the jurisdictional limits of this Honorable Court.

### PREJUDGMENT AND POST-JUDGMENT INTEREST

13. In addition to the above and foregoing allegations, Plaintiff LUIS G. FIGUEROA further pleads that he is entitled to prejudgment interest and post-judgment interest at the highest rates allowed by law.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited in terms of law to appear and answer herein and that upon final hearing Plaintiff recover of and from the Defendant a sum within the jurisdictional limits of the court, for punitive damages, for prejudgment and post-judgment interest, for all costs of court, and for such other and further relief, both at law

and in equity, to which your Plaintiff may show himself justly entitled and for which he will ever pray.

Respectfully submitted,

By: *[signature]*
C. MICHAEL DAVIS
State Bar No. 05469000
312 South Friendswood Drive
Friendswood, Texas 77546-3904
(281) 482-7722
(281) 482-1071 (fax)

OF COUNSEL:

LAW OFFICE OF C. MICHAEL DAVIS

By: *[signature]*
C. MICHAEL DAVIS
State Bar No. 05469000
312 South Friendswood Drive
Friendswood, Texas 77546-3904
(281) 482-7722
(281) 482-1071 (fax)
**ATTORNEY FOR PLAINTIFF**