IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

United States Courts
Southern District of Texas
FILED

JAN 1 8 2006

| | | |
|---|---|---|
| LUIS G. FIGUEROA,<br>Plaintiff | § § § | |
| vs. | § § | C.A. NO. G-04-500 Michael N. Milby, Clerk of Court<br>JURY |
| STEVEN M. HIGGINBOTHAM,<br>Defendant | § § | |

### DEFENDANT'S, STEVEN M. HIGGINBOTHAM, OBJECTIONS TO PLAINTIFF'S SUMMARY JUDGMENT EVIDENCE AND MOTION TO STRIKE SUMMARY JUDGMENT EVIDENCE

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Defendant, **STEVEN M. HIGGINBOTHAM**, in the above entitled and numbered cause and files this his Objections to Plaintiff's Summary Judgment Evidence and Motion to Strike Summary Judgment Evidence and as grounds thereof would respectfully show this Honorable Court as follows:

### I.
### OBJECTIONS TO PLAINTIFF'S SUMMARY JUDGMENT EVIDENCE AND MOTION TO STRIKE SUMMARY JUDGMENT EVIDENCE

This is a car accident case in which Plaintiff was involved in an accident with Defendant, Steven M. Higginbotham, who was driving a truck on January 24, 2003. On August 18, 2004, Plaintiff filed his Original Complaint, suing under theories of negligence and gross negligence.

Defendant filed a No-Evidence Motion for Summary Judgment pertaining to the gross negligence issue. In Plaintiff's Response, he attaches as evidence Texas Peace Officer's Accident Report (Plaintiff's Exhibit B), deposition of Deputy Dennis Castanie (Plaintiff's Exhibit C), deposition of Deputy Mark Alonso (Plaintiff's Exhibit G) and deposition of Sergeant Larry Franks

1

(Plaintiff's Exhibit H) which portions of or its entirety should not be considered by the court to which Defendant objects and respectfully requests the Court to strike as summary judgment evidence. In addition, Plaintiff references the Harris County Sheriff's Department voluntary statement of Paul David Campbell; *Nat'l Inst. On Alcohol Abuse and Alcoholism, Alcohol Alert, "Alcohol Metabolism," No. 35, January, 1997*; and *Jinnifer Pariser, note: In Vino Veritas; The Truth About Blood Alcohol Presumptions and State Driving Law, 64 N Y U. L. Rev. 141, 146 (1989)* which are not attached as exhibits and have not been properly authenticated. The accuracy or the relevancy of such documents cannot be properly considered by this Honorable Court and reference to such documents should be stricken as summary judgment evidence.

1.     **Texas Peace Officer's Accident Report (Plaintiff's Exhibit B) should be stricken.**

The Texas Peace Officer's Accident Report, marked as Plaintiff's Exhibit B to his Response to Defendant's Motion for Summary Judgment, should be excluded as hearsay in violation of Texas Rules of Evidence 103(a)(1) and 803 and should be excluded because it has not been properly authenticated in violation of Texas Rules of Evidence 901.

2.     **Deposition of Deputy Dennis Castanie (Plaintiff's Exhibit C) should be stricken.**

Deputy Dennis Castanie responded to the accident scene as an investigating officer. Plaintiff attempts to rely on Deputy Castanie's testimony that Defendant was intoxicated and impaired at the time of the accident to support his contention that Defendant was grossly negligent. Deputy Castanie is not qualified to offer any testimony as to whether Defendant was impaired, and any such testimony he may offer is nothing more than speculation.

Castanie acknowledged that he did not recall whether he gave Defendant a field sobriety test nor can he recall anything about his behavior that made him believe that he was intoxicated or

2

impaired. *See* **Exhibit A – Deposition of Deputy Dennis Castanie, page 11, line 2 – page 13, line 17, attached hereto and incorporated herein.** He further acknowledged that Defendant admitted to drinking at the dog track which may have been the reason he decided that the Defendant should be taken in for an intoxilizer test, which showed that he was below the legal limit. *See* **Exhibit A – Deposition of Deputy Dennis Castanie, page 11, line 2 – page 13, line 17, attached hereto and incorporated herein.**

Texas Rule of Evidence 602 states as follows:

A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may, but need not, consist of the testimony of the witness. This rule is subject to the provisions of Rule 703, relating to opinion testimony by expert witnesses.

The deposition testimony of Deputy Castanie is not competent summary judgment evidence since he does not have any personal knowledge as to whether Defendant was impaired and he does not have any rational basis for his opinion, in violation of Texas Rules of Civil Evidence 602. *Anderson Prod'g v. Koch Oil Co.,* **929 S.W.2d 416, 425 (Tex.1996).** Since his testimony is not competent summary judgment evidence, it should be stricken. *Southland Corp. v. Lewis*, 940 S.W.2d 83, 85 (Tex. 1997). The court should not consider the deposition testimony of Deputy Castanie in opposition to the motion for summary judgment.

In addition, it appears that Plaintiff is attempting to utilize Deputy Castanie as an expert on impaired reaction time based on the number of beers someone drinks. *See* **Plaintiff's Response to Defendant's No-Evidence Motion for Summary Judgment, page 12-13.** Defendant objects to any opinions elicited from Deputy Castanie regarding a person's reaction and impairment after consuming alcohol since such would not be admissible at the time of trial. Deputy Castanie's

3

testimony does not demonstrate that he is qualified to give such an opinion.

Texas Rule of Evidence 702 is applicable which states as follows:

"If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify thereto in the form of an opinion or otherwise."

In addition to Rule 702, Texas Rule of Evidence 703 is applicable which states:

"The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by, reviewed by, or made known to the expert at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence."

The testimony of Deputy Castanie is not based upon a proper foundation as required by Texas Rules of Civil Evidence 702 and 703. The proponent of the evidence, in this case, the Plaintiff, is required to show not only that the witness is qualified and that the evidence is relevant, a matter which Defendant hotly contest, but that the evidence is based upon proper foundation. *America W. Airlines, Inc. v. Tope*, 935 S.W.2d 908, 918 (Tex. App. - El Paso 1996, n.w.h.). In this case, Plaintiff has not and cannot elicit the proper foundation from Deputy Castanie to support any testimony regarding impairment since he admitted that he does not have any personal knowledge, therefore, his unsupported opinions are not relevant.

Defendants also move to strike the testimony of Deputy Castanie, pursuant to *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 557 (Tex. 1995). If Plaintiff is somehow able to prove that the testimony of Deputy Castanie is relevant, and Defendant has proven that the Plaintiff cannot do so as explained above, then Plaintiff still must prove that the underlying scientific principle or technique used by Deputy Castanie is reliable. *Robinson* **at 557.** Mere relevance is

4

insufficient for admissibility of expert testimony. Reliability is essential for expert testimony to be admissible at trial. Unreliable evidence is of no assistance to the jury and is therefore inadmissible under Rule 702. *Kelly v. State*, 824 S.W.2d 568 (Tex. Crim. App. 1992).

The Texas Supreme Court set out a non-exclusive list of factors that a trial court may consider in making a threshold determination of admissibility under Rule 702, which also requires that expert testimony be relevant and reliable. These factors are:

1.　　The extent to which the theory has or can be tested;

2.　　The extent to which the technique relies upon the subjective interpretation of the expert;

3.　　Whether the theory has been subjected to peer review and/or publication;

4.　　The technique's potential rate of error;

5.　　Whether the underlying theory or technique has been generally accepted as valid by the relative scientific community; and

6.　　The non-judicial uses which have been made of the theory or technique.

*E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 557 (Tex. 1995).

The testimony of Deputy Castanie did not satisfy the factors a court may consider in making the threshold determination of admissibility under Rule 702. Opinion testimony that is conclusory or speculative is not relevant evidence, because it does not tend to make the existence of a material fact "more probable or less probable." *See* **Texas Rule of Civil Evidence 401;** *Coastal Transport Company, Inc. v. Crown Central Petroleum Corp.,* 136 S.W.3d 227, 232 (Tex.2004). Such testimony is incompetent evidence and it has often been held that such conclusory testimony cannot support a judgment and his testimony should be excluded. *Cas. Underwriters v. Rhone,* **134 Tex.**

5

**50, 132 S.W.2d 97, 99 (1939);** *Wadewitz v. Montgomery*, 951 S.W.464, 466 (Tex.1997). The evidence does not rise to a level that would enable reasonable and fair-minded people to differ in their conclusions, and therefore, is not even a scintilla of evidence for the Court to consider. Castanie's opinions are not competent summary judgment evidence and such testimony should be stricken.

**3.     Deposition of Deputy Mark Alonso (Plaintiff's Exhibit G) should be stricken.**

Plaintiff relies on Deputy Mark Alonso's testimony in an attempt to prove that Defendant was impaired. Alonso responded to the call because the Plaintiff, a fellow deputy and a friend, was involved in an accident, but admitted that he was not one of the investigating officers. *See* **Exhibit B – Deposition of Deputy Mark Alonso, page 6, lines 11-20; page 11, line 9-13; page 12, line 19-21, attached hereto and incorporated herein.** Deputy Alonso readily admitted that he did not have any personal knowledge as to whether Defendant was impaired and he did not administer any tests to determine whether Defendant was intoxicated or impaired. *See* **Exhibit B – Deposition of Deputy Mark Alonso, page 25, line 14 – page 26, line 17, attached hereto and incorporated herein.** The deposition testimony of Deputy Alonso is not competent summary judgment evidence since he does not have any personal knowledge as to whether Defendant was impaired, in violation of Texas Rule of Civil Evidence 602. *Anderson Prod'g v. Koch Oil Co.,* 929 S.W.2d 416, 425 (Tex.1996). Since his testimony is not competent summary judgment evidence, it should be stricken. *Southland Corp. v. Lewis*, 940 S.W.2d 83, 85 (Tex. 1997).

In addition, it appears that Plaintiff is attempting to utilize Deputy Alonso as an expert on whether a person is impaired to any degree based upon intoxilizer tests and that Defendant's blood alcohol level was .08 at the time of the accident. *See* **Plaintiff's Response to Defendant's No-**

**Evidence Motion for Summary Judgment, page 7-8.** Defendant objects to any opinions elicited from Deputy Alonso on these issues since such would not be admissible at the time of trial. Deputy Alonso's testimony does not demonstrate that he is qualified to give such an opinion. He does not have any personal knowledge as to whether Defendant was impaired or intoxicated, he did not administer any tests on Defendant, and he did not know Defendant's height, weight or what he had to eat before the accident. *See* **Exhibit B- Deposition of Deputy Mark Alonso, page 25, line 14 – page 26, line 17; page 32, lines 8-13, attached hereto and incorporated herein.** Plaintiff has wholly failed to demonstrate that Alonso is qualified nor has he laid the proper foundation for eliciting such testimony, in violation of Texas Rules of Evidence 702 and 703.

The testimony of Deputy Alonso is not based upon a proper foundation. As with the testimony of Deputy Castanie, the Plaintiff, as the proponent of the evidence, is required to show not only that the witness is qualified and that the evidence is relevant, a matter which Defendant hotly contest, but that the evidence is based upon proper foundation. *America W. Airlines, Inc. v. Tope*, 935 S.W.2d 908, 918 (Tex. App. - El Paso 1996, n.w.h.). In this case, Plaintiff has not and cannot elicit the proper foundation from Deputy Alonso to support any testimony regarding impairment or that Defendant's blood alcohol level was .08 at the time of the accident.

Defendant also moves to strike the testimony of Deputy Alonso, pursuant to *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 557 (Tex. 1995). If Plaintiff is somehow able to prove that the testimony of Deputy Alonso is relevant, and Defendant has proven that the Plaintiff cannot do so as explained above, then Plaintiff still must prove that the underlying scientific principle or technique used by Deputy Alonso is reliable. *Robinson* **at 557.** Mere relevance is insufficient for admissibility of expert testimony. Reliability is essential for expert testimony to be

7

admissible at trial. Unreliable evidence is of no assistance to the jury and is therefore inadmissible under Rule 702. ***Kelly v. State***, 824 S.W.2d 568 (Tex. Crim. App. 1992). There has no showing to satisfy the non-exclusive list of factors which a trial court may consider in making a threshold determination of admissibility under Rule 702, which also requires that expert testimony be relevant and reliable. Alonso's opinions are not competent summary judgment evidence and it should be stricken.

4.      **Deposition of Sergeant Larry Franks (Plaintiff's Exhibit H) should be stricken.**

Plaintiff relies on Sergeant Larry Franks' testimony in an attempt to prove that Defendant was impaired. Sgt. Franks admitted that he does not have any personal knowledge as to whether Defendant was intoxicated or impaired and agreed that someone can smell of alcohol and not be impaired or intoxicated. ***See* Exhibit C – Deposition of Sergeant Larry Franks, page 9, line 21 – page 10, line 7, attached hereto and incorporated herein.** He does not recall administering any field sobriety tests nor does not recall any actions on the part of Defendant which made him suspect he was intoxicated. ***See* Exhibit C – Deposition of Sergeant Larry Franks, page 13, line 11 – page 14, line 12, attached hereto and incorporated herein.** The deposition testimony of Sgt. Franks is not competent summary judgment evidence since he does not have any personal knowledge as to whether Defendant was impaired, in violation of Texas Rule of Civil Evidence 602. ***Anderson Prod'g v. Koch Oil Co.,*** 929 S.W.2d 416, 425 (Tex.1996). Since his testimony is not competent summary judgment evidence, it should be stricken. ***Southland Corp. v. Lewis***, 940 S.W.2d 83, 85 (Tex. 1997).

In addition, it appears that Plaintiff is attempting to utilize Sgt. Franks as an expert on whether a person is impaired after consuming alcohol. ***See* Plaintiff's Response to Defendant's**

8

**No-Evidence Motion for Summary Judgment, page 13-15.** Defendant objects to any opinions elicited from Sgt. Franks on these issues since such would not be admissible at the time of trial. Franks' testimony does not demonstrate that he is qualified to give such an opinion. He does not have any personal knowledge as to whether Defendant was impaired or intoxicated. Plaintiff has wholly failed to demonstrate that Franks is qualified nor has he laid the proper foundation for eliciting such testimony, in violation of Texas Rules of Evidence 702 and 703. To the contrary, Franks admitted that he is not an expert on determining whether someone is impaired based on their weight, height, and the amount of alcohol they consumed. *See* **Exhibit C – Deposition of Sergeant Larry Franks, page 77, lines 12-17, attached hereto and incorporated herein.**

The testimony of Franks is not based upon a proper foundation. As with the testimony of Deputy Castanie, the Plaintiff, as the proponent of the evidence, is required to show not only that the witness is qualified and that the evidence is relevant, a matter which Defendant hotly contest, but that the evidence is based upon proper foundation. *America W. Airlines, Inc. v. Tope*, 935 S.W.2d 908, 918 (Tex. App. - El Paso 1996, n.w.h.). In this case, Plaintiff has not and cannot elicit the proper foundation from Deputy Franks to support any testimony regarding impairment.

Defendant also moves to strike the testimony of Franks, pursuant to *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 557 (Tex. 1995). If Plaintiff is somehow able to prove that the testimony of Franks is relevant, and Defendant has proven that the Plaintiff cannot do so as explained above, then Plaintiff still must prove that the underlying scientific principle or technique used by Franks is reliable. *Robinson* **at 557.** Mere relevance is insufficient for admissibility of expert testimony. Reliability is essential for expert testimony to be admissible at trial. Unreliable evidence is of no assistance to the jury and is therefore inadmissible under Rule 702.

9

*Kelly v. State*, 824 S.W.2d 568 (Tex. Crim. App. 1992). There has been no showing to satisfy the non-exclusive list of factors which a trial court may consider in making a threshold determination of admissibility under Rule 702, which also requires that expert testimony be relevant and reliable. Franks' opinions are not competent summary judgment evidence and should be stricken.

5.  **Harris County Sheriff's Department voluntary statement of Paul David Campbell;** *Nat'l Inst. On Alcohol Abuse and Alcoholism, Alcohol Alert, "Alcohol Metabolism," No. 35, January, 1997;* **and** *Jinnifer Pariser, note: In Vino Veritas; The Truth About Blood Alcohol Presumptions and State Driving Law, 64 N Y U. L. Rev. 141, 146 (1989)* **should be stricken.**

Plaintiff references the following documents without attaching them as exhibits: Harris County Sheriff's Department voluntary statement of Paul David Campbell; *Nat'l Inst. On Alcohol Abuse and Alcoholism, Alcohol Alert, "Alcohol Metabolism," No. 35, January, 1997;* and *Jinnifer Pariser, note: In Vino Veritas; The Truth About Blood Alcohol Presumptions and State Driving Law, 64 N Y U. L. Rev. 141, 146 (1989).* The accuracy or the relevancy of the documents referenced cannot be considered by this Honorable Court since Plaintiff failed to attach them as exhibits and they have not been properly authenticated as required by the Texas Rules of Civil Evidence. Such documents should be stricken as summary judgment evidence.

**WHEREFORE, PREMISES CONSIDERED,** Defendant, **STEVEN M. HIGGINBOTHAM,** respectfully request this Honorable Court to sustain Defendants' objections, and to strike Exhibits B, C, G and H in their entirety which are attached to Plaintiff's Response to Defendant's No-Evidence Motion for Summary Judgment; and Defendant further requests that this Honorable Court strike any reference to Harris County Sheriff's Department voluntary statement of Paul David Campbell; *Nat'l Inst. On Alcohol Abuse and Alcoholism, Alcohol Alert, "Alcohol Metabolism," No. 35, January, 1997;* and *Jinnifer Pariser, note: In Vino Veritas; The Truth About*

10

*Blood Alcohol Presumptions and State Driving Law, 64 N Y U. L. Rev. 141, 146 (1989)* as summary

judgment evidence; and for such other and further relief, both general and special, at law and in

equity, to which Defendant may be justly entitled.

Respectfully submitted,

By: _____

**MARIA L. FOX**
Texas State Bar No. 07335250
Federal I.D. No. 11780

Attorney-in-Charge
10850 Richmond Ave., Suite 200
Houston, Texas 77042
(713) 787-4390 Telephone
(713) 787-4394 Facsimile

OF COUNSEL:

LAW OFFICES OF SAMUEL E. DUNN
10850 Richmond Ave., Suite 200
Houston, TX 77042
Telephone:  (713) 787-4390
Facsimile:  (713) 787-4394

Attorneys for Defendant,
**STEVEN M. HIGGINBOTHAM**

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that a true and correct copy of the above and foregoing

document has been forwarded to all known counsel of record as listed below by either hand delivery,

certified mail-return receipt requested, or facsimile transmission, on this the _18_ day of

_____, 2006.

11

C. Michael Davis
Law Office of C. Michael Davis
312 South Friendswood Dr.
Friendswood, TX 77546-3904

John Mustachio
Michael A. Stafford, Harris County Attorney
1310 Prairie, Room 880
Houston, Texas 77002

**MARIA L. FOX**