IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| LUIS G. FIGUEROA | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-04-500 |
| | § | |
| STEVEN M. HIGGINBOTHAM, ET AL. | § | |

## OPINION AND ORDER

Before the Court are the Defendant's Motion for Partial Summary Judgment and Motion to Strike Plaintiff's Summary Judgment Evidence. Having carefully reviewed the Motions, the Plaintiff's response, and the Parties summary judgment evidence, this Court issues this Opinion and Order.

### Motion to Strike

The Defendant's Motion (Instrument no. 38) is **DENIED** insofar as it seeks to have Officer Castanie's accident report stricken as hearsay. In the opinion of this Court, the accident report is a public record under Rule 803(8) of the Federal Rules of Evidence and Castanie's observations and factual findings included in the report are admissible unless the Defendant can demonstrate they are untrustworthy. Castanie had a duty to report matters surrounding the accident; he did so promptly; and the Defendant has not shown that the information contained in the accident report is not trustworthy. See Baker v. Elcona Homes Corp., 588 F.2d 551 (6th Cir. 1978)

The Defendant's Motion to Strike (Instrument no. 38) the deposition testimony of Officers Castanie, Alonso and Franks regarding the Defendant's impairment caused by his alcohol ingestion is **GRANTED**. This testimony relies, in no small part, on "retrograde extrapolation" of the Defendant's blood-alcohol level at the time of the accident. The science of retrograde

extrapolation has a highly questionable degree of reliability among scientists, as pointed out in the excellent opinion of the Texas Court of Criminal Appeals in Mata v. State, 46 S.W.3d 902 (Tex. Crim. App. 2001).  Moreover, even if this Court found that such evidence was admissible, none of the deposed officers has the experience to apply the science and explain it with clarity to the Court or Jury.  Id. 916.  Finally, the Court notes that the generally accepted elimination rate of alcohol from the bloodstream is .015 BAC per hour which would make Defendant's BAC level no more than .058 at the time of the accident; far below the .08 proscribed by the Texas Penal Code.  The officers testimony that any alcohol ingestion creates some impairment is speculative, but even if true, it cannot support a claim for punitive damages.  At best it can establish mere negligence.

The Defendant's Motion to Strike (Instrument no. 38) the voluntary statement of Paul Campbell is **GRANTED**; the statement was not submitted to the Court and its contents are, therefore, not before the Court as proper summary judgment evidence.

The Defendant's Motion to Strike (Instrument no. 38) the literature cited by Plaintiff is **GRANTED**; without a qualified expert witness, the Court cannot consider the literature to be reliable.  See Mata, *supra*, see also Blumenstetter v. State, 135 S.W.3d 234 (Tex. App. -- Texarkana, 2004)

## Motion for Partial Summary Judgment

In light of the foregoing rulings, the Defendant's Motion for Partial Summary Judgment must be granted.  The Plaintiff has no admissible evidence sufficient to show that the Defendant engaged in gross negligence.  At best, the Plaintiff's admissible summary judgment evidence establishes a "possible" degree of impairment insufficient to preclude the Defendant from legally

driving a motor vehicle at the time of the accident. This alone may, or may not, constitute negligence; however, it cannot constitute gross negligence. Cf. <u>North America Van Lines v. Emmons</u>, 50 S.W.3d 103, 128-29 (Tex. App. -- Beaumont, 2001) (Employer not guilty of gross negligence for allowing employee to operate its truck without a commercial driver's license where driver's eye sight was too poor to pass commercial license test.)   Since Plaintiff's evidence is insufficient to support a gross negligence submission to the Jury the Defendant's Motion for Partial Summary Judgment (Instrument no. 35) is **GRANTED** and the Plaintiff's claim for punative damages is **DISMISSED**.

**DONE** at Galveston, Texas, this ____9th____ day of February, 2005.

_____
John R. Froeschner
United States Magistrate Judge

3